Marten, J.
delivered the opinion of the court.
This is an action in which the plaintiff sues to recover a town lot, which he alleges was adjudicated to him, at the probate sale of the estate of Josiah Nettles, deceased, in 1835, for the price of one hundred and fifty-six dollars; that the widow of the deceased and the present defendant, who is the tutor of the minor heirs, and administering said estate, have refused to give him possession of said lot, or make a conveyance, by reason of [255] which he has sustained damages to the amount of two hundred and fifty dollars. He prays for judgment decreeing him the lot and for his damages.
The defendant excepted, on the ground that the plaintiff had showed no cause of action, as he had not alleged that he (defendant) was in possession of the lot. In answer to the merits the general issue was pleaded.
There was a verdict and judgment for the defendant, and the plaintiff appealed.
The dismissal of the appeal is prayed for on several grounds:
1. That the matter in dispute is not shown to exceed three hundred dollars.
2. The appeal was not made returnable to the next term.
3. There is no legal citation.
4. The judge of the eighth district had no power to grant an appeal from a judgment rendered by the judge of the third district.
I. It has been shown by affidavit that the value of the thing claimed, or matter in dispute, exceeds three hundred dollars', which gives jurisdiction.
II. The appeal was granted the 10th April, 1838, and made returnable on the first Monday of June following. The Act of the 20th March, 1839, sect. 19, forbids the dismissal of appeals, on the ground that they were not made returnable to the next term, when it does not appear that the fault or neglect was imputable to the appellant. Such imputation is not shown here. The appellee has suffered more than two years to elapse since the appeal has been *157 filed, without making objection and praying for its dismissal. It is not very clear that the prohibition to dismiss appeals like the present, being merely remedial, may not he invoked in cases of appeals obtained before the prohibitory act passed; especially when the appellee has suffered several terms to elapse after the passage of the law, without praying the dismissal of the appeal.
The judge, in granting the appeal, exercises his discretion in making [256] it returnable to the next or succeeding term. It is true the appeal might have been made returnable to the third or fourth Monday in May, as within that time service might have been made, if no accident had prevented it, but we do not believe the judge erred in allowing a delay until the first Monday in June.
III. The citation is a little out of the ordinary form, and contains some useless matter; hut it appears to us fully sufficient. The appellee is cited to he and appear in court on the return day of the appeal.
IV. The judge of the third and eighth districts were required by law, at the time of granting this appeal, to alternate ; and either of them possessed the power to grant appeals from judgments rendered by the other.
The motion to dismiss the appeal is therefore overruled.
In relation to the merits, our attention is arrested by a bill of exceptions taken by the plaintiff and appellant, to the refusal of the judge a quo to admit in evidence a copy of the procés verbal of the sale and inventory of the estate of Josiah Mettles, deceased, made by order of the court of probates, under which he claims the lot in question, as part of said estate. The court was of opinion that the documents were inadmissible, because there was no evidence that the plaintiff had ever complied with the terms of sale.
This court has often said that parties ought not to be controlled in the order in which they choose to introduce the different parts of the evidence necessary in the support of their claims.
The defendant having pleaded the general issue, the plaintiff was called on to establish every allegation in his petition, the first of which is his purchase of the lot he claims. Of this the best legal evidence was the protes verbal; and until the sale was proved, it was perfectly useless to proceed to the proof of any other allegation. Indeed the evidence of his compliance with the conditions of the sale required him first to show what these [257] conditions were; and of this the documents offered contained the best and only evidence.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, the verdict set aside, and the case remanded for new proceedings, with directions to the judge a quo to admit the prates verbal of sale and the inventory in evidence, the defendant and appellee paying the costs of the appeal.